Douglas ESTES, Plaintiff–Appellant,

v.

KENTUCKY UTILITIES COMPANY, Defendant–Appellee.

No. 79–3038.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 20, 1980.

Decided Dec. 9, 1980.

Craig W. Housman, Williams, Housman & Sparks, Paducah, Ky., Wayne J. Lennington, Muncie, Ind., for plaintiff–appellant.

John T. Ballantine, Ogden, Robertson & Marshall, Louisville, Ky., Stephen F. Schuster, William B. Byrd, Paducah, Ky., for defendant–appellee.

Before CELEBREZZE and JONES, Circuit Judges, and JOINER, District Judge.[*]

JOINER, District Judge.

Plaintiff appeals in this case from a decision of the district court granting defendant's motion for summary judgment. He asserts that the district court committed error in granting defendant leave to amend its answer to assert the affirmative defense on which the motion for summary judgment was based, 41 months after its original answer was filed. For the reasons that follow, we affirm the decision of the district court.

In this diversity action, plaintiff seeks common law tort damages from defendant for injuries suffered while he was cleaning defendant's street lights. Plaintiff was an employee of an Indiana company hired by defendant to perform work for defendant in Kentucky. Plaintiff sought and obtained workers' compensation benefits from his immediate employer under Indiana law. Almost one year after the injury, plaintiff filed this tort suit against defendant. Approximately three and one half years after defendant filed its original answer in this case, defendant moved to amend its answer to assert the affirmative defense of the exclusivity of workers' compensation recovery under Kentucky law. Defendant maintained that it was a statutory employer under the Kentucky act, and that as such, it was immune from tort liability to plaintiff. The district court allowed the amendment, and granted summary judgment in favor of defendant on the basis of the immunity granted under the act. Plaintiff does not contest the correctness of the district court's ruling that the defendant is a statutory employer under the act and is thus entitled to summary judgment. Plaintiff contests only the district court's decision allowing defendant to raise this affirmative defense in spite of its lengthy delay in asserting it.

Plaintiff argues that had defendant raised the affirmative defense earlier in the litigation, it could have filed a claim for workers' compensation benefits against defendant under Kentucky law. Plaintiff relies on the fact that defendant raised the affirmative defense of exclusivity after the applicable statute of limitations on present-

* Honorable Charles W. Joiner, District Judge, United States District Court for the Eastern District of Michigan, Southern Division, sitting by designation.

ing workers' compensation claims had run,[1] thus preventing plaintiff from recovering compensation for his injuries. According to plaintiff, this prejudicial effect, coupled with the fact that the delay in asserting the defense was considerable, and the fact that no excuse was presented by defendant which accounted for the delay, requires a holding that the decision to allow the amendment was erroneous.

■ Under Federal Rule of Civil Procedure 15(a), judges are directed to grant leave to amend pleadings freely, "when justice so requires." The determination of whether the circumstances of a case are such that justice would require the allowance of an amendment to an answer is left to the sound discretion of the district court, and review of such a decision by the district court is normally limited to the question of whether the district court abused its discretion in allowing the amendment. *Hayden v. Ford Motor Company*, 497 F.2d 1292 (6th Cir. 1974). Two factors have persuaded us that there was no abuse of discretion in this case.

First, the district court furthered the policy of state law by allowing the amendment. The exclusivity of a workers' compensation remedy is firmly implanted in the legislative schemes of most compensation statutes, and Kentucky's statute is no exception. KRS § 342.690. By allowing the defendant to amend the complaint, the district court gave effect to the statute and the policy upon which it is founded. Indeed, plaintiff himself does not contest the correctness of the lower court's conclusion that defendant was an employer entitled to the protection of the act.

Second, plaintiff has not demonstrated that any prejudice resulted to him from the amendment of the answer. Plaintiff's argument is that defendant should have raised his affirmative defense prior to the expiration of the worker's compensation statute of limitations, and that because it did not, plaintiff missed the opportunity to file a compensation claim. As the district court correctly noted, this argument amounts to no more than an assertion that defendant had an obligation to alert plaintiff to the availability of an alternative cause of action. We are aware of no such obligation under the law. Nothing prevented plaintiff from simultaneously filing a tort action and a compensation claim, yet plaintiff failed to file a compensation claim within the time period prescribed by the statute. This failure may have been due to counsel's ignorance of the availability of such relief. It is not defense counsel's obligation to inform plaintiff that he might prevail in one forum and might lose in another.

The facts of this case distinguish it from the facts of an earlier decision of this court, *Hayden v. Ford Motor Company*, 497 F.2d 1292 (6th Cir. 1974). In *Hayden*, the plaintiff had filed two law suits, one in state court within the statutory time period, and one in federal court after the statute of limitations had run. The defendant in that case therefore had notice of the claim against it within the statutory period. Moreover, the defendant failed to raise the limitations defense in the federal action, and the plaintiff dismissed her state case only after the federal complaint had been filed and the answer of defendant had also

---

1. The length of time available under the statute of limitations to file a compensation claim is unclear. Plaintiff asserted throughout his appeal that a two year period applied, but informed the court shortly before oral argument that the statute in effect at the time of the injury was a one year statute. KRS § 342.-670(2). Plaintiff states, however, that because the statute was amended to allow for two years, and because this amendment was made within the first year after the accident occurred, that the courts of Kentucky would apply a two year period to his case.

It is unnecessary to resolve this question of state law. We assume for purposes of this appeal that a two year period was in effect as to plaintiff's claims. Obviously, if a one year period was in effect, plaintiff's position lacks merit altogether. Plaintiff's complaint was filed two days short of the first anniversary of the accident. Defendant's answer was not even due until more than one year had passed. Even if defendant had raised the defense in its original answer, it would not have been in time to alert plaintiff to the availability of workers' compensation relief.

been filed. The plaintiff thus relied on the defendant's failure to raise the limitations defense in taking the affirmative act of dismissing her state court suit.

The plaintiff, acting to her detriment in dismissing the state action and in pursuing extensive discovery addressed to the merits, was obviously lulled into a false sense of security because of the defendant's failure to raise the statute as a defense in the federal litigation. It is difficult to imagine a situation where a plaintiff could have suffered more harm because of a defendant's procrastination and delay in pleading the statute than the situation appearing in the present record. *Id.* at 1295.

In the case before us, however, plaintiff neither took action nor failed to take action because of *defendant's* conduct. Rather, plaintiff failed to file a compensation claim because of counsel's ignorance of the availability of that mode of relief. This ignorance is due to defendant's conduct only if there is some sort of obligation of a defendant to inform a plaintiff that he is seeking redress in the wrong forum. We have stated earlier that there is no such obligation. While it is inexcusable for a defendant to induce, either directly or indirectly, a plaintiff to forego a legal remedy, it is certainly allowable for the defendant to assert a valid legal defense to a claim where no such inducement takes place. In sum, no prejudice resulted to plaintiff from defendant's conduct. Rather, any prejudice that did result is attributable, if at all, to plaintiff's counsel's failure to assert the claim himself.

■ In a situation such as the one before us, we must ascertain the exact nature of the prejudice of which plaintiff complains. Obviously, if defendant's affirmative defense had been timely asserted, plaintiff would have no cause to complain that he had no cause of action by virtue of Kentucky's workers' compensation law. The prejudice that results, then, must be due in some way to the fact that that assertion of

this defense was tardy. Such prejudice is demonstrated when a party has insufficient time to conduct discovery on a new issue raised in an untimely manner. Allowance of the amendment would then force that party to go to trial without adequate preparation on the new issue. *Garrison v. Baltimore & Ohio R.R. Co.*, 20 F.R.D. 190 (W.D. Pa.1957). Thus, delay alone is insufficient reason to deny a motion to amend. Rather, the critical factors are notice and substantial prejudice. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

■ Prejudice can also result, however, when an affirmative defense is allowed which would completely abrogate plaintiff's cause of action, as is the case in the instant appeal. In this type of case, however, the plaintiff is prejudiced only to the extent that time and money have been devoted to a law suit which has no legal merit. Thus, it has been held that a tardy motion to assert a statute of limitations defense would not be allowed where extensive trial preparation had already taken place. *McGraw v. Matthaei*, 388 F.Supp. 84 (E.D. Mich.1972). This is not to say, however, that disallowance of the amendment is the only course open to a district court faced with such a motion. The scope of the district court's discretion in this area is broad, and in a proper case conditions may be imposed on the party seeking the amendment; for example, costs of preparing for litigation could be imposed on the party who asserts a valid, but untimely, dispositive affirmative defense. See, 6 Wright and Miller, *Federal Practice & Procedure*, § 1486 at 423 *et seq.* (1971).

■ In this case, plaintiff does not complain that he suffered unwarranted costs because of defendant's tardy assertion of the affirmative defense.[2] Rather, he claims that he was prejudiced only in that he was not alerted to the availability of a workers' compensation claim. As noted above, this is not prejudice attributable to the conduct of

---

**2.** Indeed, the docket entries in this case reflect virtually no activity in this case except for minimal discovery efforts.

the defendant, but rather to the conduct of plaintiff's counsel. In this type of situation, the discretion of a district court is not abused by granting permission to amend the answer to state the affirmative defense of exclusivity.

It is essential to note that we are not holding, and in no way intend to indicate, that counsel's failure to file a compensation claim on behalf of his client reflects representation which falls short of the standards of competency required of attorneys in Kentucky. That issue is not before us. What we do hold, however, is that defendant is not required to do counsel's work for him. While it is unfortunate that plaintiff may have recovered less in compensation for his injuries than he might have had a Kentucky workers' compensation claim been filed, this is no reason for placing that loss on defendant. There are other proceedings and another forum to test these matters.

For the foregoing reasons, the judgment of the district court is affirmed.