Robert H. ROGERS, et al., Plaintiffs,

v.

FEDCO FREIGHT LINES, INC., et al., Defendants.

No. C–1–82–280.

United States District Court,
S.D. Ohio, W.D.

May 6, 1983.

Richard C. Curry, Cincinnati, Ohio, for Fedco Freight Lines, Inc. and KTY Leasing Co., Inc.

Lee Hornberger, Cincinnati, Ohio, for Congress of Independent Unions and Richard Davis; William H. Hoagland, Alton, Ill., of counsel.

Donald B. Hordes, Donald J. Mooney, Jr., Cincinnati, Ohio, for plaintiffs.

## OPINION AND ORDER

SPIEGEL, District Judge:

This matter came on for hearing on motions for summary judgment by (1) defendant Fedco Freight Lines, Inc. (Fedco) (doc. 12) and plaintiffs' memorandum in opposition (doc. 17); (2) defendant KTY Leasing Co., Inc. (KTY) (doc. 8) and plaintiffs' memorandum in opposition (doc. 14); and defendants Congress of Independent Unions (Union) and Richard Davis' (doc. 26), plaintiffs' memorandum in opposition (doc. 29), and defendants' reply (doc. 30). This last motion incorporates defendants Union and Davis' earlier motions for summary judgment (doc. 21) and to dismiss claims for punitive damages (doc. 22). Also pending is a motion by defendants Union and Davis for leave to file an amended complaint (doc. 31) to which plaintiffs responded (doc. 33). Finally, plaintiffs filed a request for leave to file a supplemental memorandum (doc. 35), which is opposed by defendants Union and Davis (doc. 36). Plaintiffs' request to file a supplemental memorandum is granted and accordingly we have considered the arguments presented in that supplemental memorandum.

For reasons to be discussed, we deny defendants Fedco's and KTY's motions for

summary judgment. Defendant Davis' motion for summary judgment is granted. Defendant Union's motion to dismiss claims for punitive damages against the Union is similarly granted. Defendant Union's motion to amend its answer is granted, but its motion for summary judgment is denied.

This action was brought March 9, 1982 pursuant to Section 301 of the National Labor Relations Act, 29 U.S.C. § 185, by six former Fedco employees against Fedco and KTY, who according to plaintiffs are a joint employer, their collective bargaining agent Union and Richard Davis, national vice president of the Union. Plaintiff Rogers alleges that he was wrongfully discharged in violation of the collective bargaining agreement; plaintiffs Jones, Thornton, Hofer, Evans, and Muncy allege that they were wrongfully laid off in violation of that same agreement. All plaintiffs allege that defendants Union and Davis breached their duty of fair representation by failing to represent plaintiffs properly in the discharge and lay off grievances filed with the employer. Plaintiffs seek reinstatement, back pay, compensatory damages, attorney fees, and punitive damages.

## I. PROCEDURAL BACKGROUND

This case has become entangled with National Labor Relations Board (NLRB) and arbitration proceedings. A summary of these various proceedings may cast light on the issues to be addressed.

Plaintiff Rogers was discharged September 25, 1981; the remaining plaintiffs were laid off October 16, 1981 (doc. 29, ex. A). All plaintiffs filed grievances, but the Union refused to proceed with these grievances (doc. 29, exs. B, C). Unfair labor charges were then filed with the NLRB against both Fedco and the Union (doc. 29, exs. A, D). When the Regional Director of the NLRB refused to issue a complaint, plaintiffs appealed to the NLRB's Office of Appeals. While that appeal was pending, plaintiffs filed this lawsuit March 9, 1982. The following week the Union notified Fedco that it would proceed to arbitrate plaintiffs' grievances (doc. 29, ex. E). Fedco and KTY agreed to arbitrate the discharge and lay off grievances and named Donald Leach as arbitrator.

Defendants Union and Davis then filed a motion for summary judgment in this action, arguing that the upcoming arbitration deprived this Court of jurisdiction because plaintiffs had not yet exhausted their contractual remedies (doc. 21). Following a pretrial conference, this Court issued an Order July 7, 1982 staying all further proceedings pending arbitration (doc. 24). In our Order we noted that plaintiffs' counsel "represented ... that such arbitration could well be depositive," but we also pointed out that the case presented factual questions as to whether the Court had "subject matter jurisdiction ... while arbitration proceedings are pending" (doc. 24).

On July 27, 1982 the NLRB notified plaintiffs that the Office of Appeals had reversed the Regional Director's dismissal of the charges against Fedco and KTY, but that the NLRB would not issue a complaint unless plaintiffs dropped their discharge and lay off grievances (doc. 29, Hordes affidavit). In a letter dated July 30, 1982 to Arbitrator Leach, plaintiffs withdrew their grievances from arbitration (doc. 29, ex. G). The NLRB issued a complaint against Fedco and KTY August 23, 1982 (doc. 29, ex. H). The NLRB hearing was scheduled for April, 1983.

Although plaintiffs had withdrawn their grievances and had so notified the Union, Fedco and KTY by copy of their letter to arbitrator Leach (doc. 29, ex. G), the Union objected and proceeded to arbitrate the grievances (doc. 26, Arbitrator's Opinion and Award, p. 2). On November 12, 1982 the arbitrator ordered that plaintiff Rogers be reinstated with back pay, but dismissed the lay off grievances of the other five plaintiffs (doc. 26, Arbitrator's Opinion and Award). Fedco subsequently filed an action to vacate the award to Rogers (C–1–82–1431); that action is currently pending before this Court.

## II. FEDCO AND KTY

KTY moves for summary judgment on the ground that it was not a signatory to

the collective bargaining agreement and that the plaintiffs in this action were not KTY employees. It concludes, therefore, that KTY is not a proper defendant. Plaintiffs respond that KTY and Fedco are joint employers, or alter egos, and conclude that for purposes of a section 301 suit KTY is properly before the Court. Both parties have submitted affidavits.

■ In considering a motion for summary judgment, the narrow question we must decide is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979) (emphasis original). And, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.,* quoting Rule 56(c), Fed.R.Civ.P. Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.*

■ Having reviewed the arguments and the affidavits, we find that there is a factual issue as to the Fedco-KTY relationship. It is undisputed, as defendant points out, that Fedco and KTY are separately incorporated and engaged in apparently unrelated business activities. Nevertheless, it is also undisputed, as plaintiffs point out, that Loren King is president of both corporations and that the two corporations occupy identical premises in Cincinnati. We find that there are unresolved factual issues which must be determined before the Court can establish whether KTY is or is not a proper defendant in this action.

In its motion, KTY also argued that summary judgment should be granted because the Court has no jurisdiction over this action. Fedco's motion for summary judgment (doc. 12) is based upon this same jurisdictional argument. Both defendants describe the complaint as alleging conduct which is in the nature of unfair labor practices. Both defendants maintain that because unfair labor practice charges are now pending before the NLRB this Court is deprived of its jurisdiction to hear this case.

■ We find no merit in this jurisdictional argument. Although it is true that the complaint alleges a breach of the collective bargaining agreement by defendants Fedco and KTY which might well be described as unfair labor practices, section 301 clearly permits suits in federal court for breaches of a collective bargaining agreement. The fact that proceedings are pending before the NLRB does not deprive this Court of its concurrent jurisdiction over section 301 actions. *Smith v. Evening News Association*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

## III. DEFENDANTS UNION AND DAVIS

In their latest motion for summary judgment (doc. 26) defendants Union and Davis renewed their prior motions for summary judgment and dismissal (docs., 21, 22) and added as a new ground for summary judgment that the arbitration envisioned by this Court's July 7, 1982 Order is now complete. We will address each of these claims in turn, as well as the motion for leave to amend the answer.

### A. Defendant Davis

Defendant Davis contends that he is entitled to summary judgment because as an individual he was not a party to the collective bargaining agreement and thus cannot be held monetarily liable for violations of

that agreement. Section 301(b) provides in pertinent part that:

> Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, *and shall not be enforceable against any individual member or his assets.* 29 U.S.C. § 185(b) (emphasis added).

The relief sought in this action is money damages and thus it would appear that defendant Davis is not a proper party.

Plaintiffs argue, however, that a distinction should be made between individual union members and union officers. They point out that in *Complete Auto Transit, Inc. v. Reis,* 451 U.S. 401, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1980), holding that section 301 does not create a cause of action for damages against individual union members for breach of a no strike clause, the Supreme Court did not address the liability of union officers.

■ Nevertheless, the Court did discuss the legislative history of section 301. 451 U.S. at 405–19, 101 S.Ct. at 1839–46. That discussion persuades us that Congress did not intend that union officials be held liable in their individual capacity for money damages in section 301 actions. Having concluded that defendant Davis is not a proper party to this lawsuit, the Court grants the motion for summary judgment with respect to Davis and Orders that Davis be dismissed as a party to this action.

**B.** *Claim for Punitive Damages Against Union*

■ Defendants also argue that the claim for punitive damages against the Union should be dismissed, relying on *Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979). In *Foust,* the Supreme Court held that punitive damages may not be assessed against the union in a fair representation action on the grounds that general labor policy disfavors punishment and the adverse consequences of punitive awards may be substantial. *Id.* at 48–52, 99 S.Ct. at 2125–27. *See*

*also Farmer v. ARA Services, Inc.,* 660 F.2d 1096, 1106 (6th Cir.1981). Accordingly, we grant defendants' motion to dismiss and Order that the punitive damages claims against the Union be struck.

**C.** *Motion for Leave to Amend the Answer*

In July, 1982 defendants Union and Davis filed a motion for leave to file an amended answer (doc. 31), asserting a statute of limitations defense not previously asserted. Although the motion is opposed by plaintiffs (doc. 33), plaintiffs' argument goes largely to whether the ninety day statute of limitations for vacating arbitration awards should apply to section 301 actions where there were no arbitration proceedings. The statute of limitations issue will be addressed in the following section.

■ Rule 15(a), Fed.R.Civ.P., provides that a party may amend his pleadings by leave of Court and that "leave shall be freely given when justice so requires." The district court has broad discretion in deciding whether to allow amendments to the pleadings. *Estes v. Kentucky Utilities Co.,* 636 F.2d 1131 (6th Cir.1980). In *Estes* the Court found that the district court had not abused its discretion where, forty-one months after the original answer was filed, the Court permitted defendant to amend its answer to assert an affirmative defense which defeated plaintiff's claim. *See also Lawson v. Truck Drivers, Chauffeurs & Helpers,* 698 F.2d 250, 255–56 (6th Cir.1983).

■ This Court's usual procedure where the challenge to a proposed amendment goes primarily to the legal sufficiency of the proposed amendment is to permit the amendment. The legal sufficiency can then be tested by subsequent motion. Accordingly, we grant defendant Union's motion to amend its answer.

**D.** *Statute of Limitations*

Defendant Union argues that summary judgment should be ordered against plaintiff Rogers on the basis of the ninety day statute of limitations applicable to hybrid

section 301 actions. Rogers' claim against the Union is based on its letter of November 24, 1981 refusing to prosecute his termination grievance; this suit was filed March 9, 1982—more than ninety days later. The Sixth Circuit has held that Ohio's ninety day statute of limitations for vacating arbitration awards shall be applied to fair representation actions against unions as well as to wrongful discharge actions against employers. *Lawson,* 698 F.2d at 253–54.

Plaintiff Rogers points out, that in both of the two situations addressed in *Lawson,* the grievances had been processed to arbitration and argues that when an arbitration award has not issued a longer statute of limitation should apply. This Court has held, however, in a case where there was no arbitration, that the ninety day statute of limitations would apply to both the unfair representation claim against the Union and the breach of contract claim against the employer where plaintiff's discharge became final after the Union chose not to pursue the grievance to arbitration and so notified the employee. *Mauget v. Kaiser Engineers,* 546 F.Supp. 486 (S.D.Ohio 1982).

██ The set of events in the instant case does not match those in either *Mauget* or *Lawson.* Here the statute of limitations had clearly run against Rogers if we look only at the date of the Union's letter refusing to proceed with his grievance and the date of this lawsuit. However, on March 17, 1982 Fedco, eight days after this lawsuit was filed, the Union reversed position and insisted on proceeding with Rogers' grievance. Thus there was no finality with respect to the original refusal—unlike the situation in *Mauget.* We conclude that the effect of the Union's reversal of its earlier position was to nullify the original terminating event—the letter of November 24, 1981 which constitutes the basis of defendant Union's motion here. In short, the Union, by insisting on arbitration, made the time of the arbitration award the date from which the ninety day statute of limitations would begin to run.

██ It is true that swift resolution of labor disputes is a fundamental policy of federal labor law, *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1982), and underlies application of the ninety day statute of limitations to hybrid 301 actions. Nevertheless, fundamental fairness requires that the statute of limitations not begin to run until it is clear that there are no further remedies which the aggrieved individual can pursue other than the Court. In *Badon v. General Motors Corp.,* Judge Martin wrote:

> Where the parties have contracted to settle claims among themselves, their *final decisions* should not be exposed to collateral attack for long periods but should become final rather quickly.

679 F.2d 93, 98 (6th Cir.1982) (emphasis added). In the instant case, the Union itself destroyed the finality of its earlier decision not to represent Rogers. Having considered all of the circumstances, we conclude that it would be inappropriate to grant summary judgment against Rogers on the ground that his action against the Union is time-barred. Defendant's motion is accordingly denied.

E. *Union's Motion for Summary Judgment*

The Union asserts that it is entitled to summary judgment as a matter of law on the basis of this Court's Order staying this action pending arbitration (doc. 24) and the arbitration award of November 12, 1982 (doc. 26). Our Order staying this action is interpreted as our deferral to the arbitrator's decision.

██ First, our Order is not a basis for ordering summary judgment (doc. 24). The Order issued because (1) there were factual issues relative to our jurisdiction during arbitration proceedings and (2) the Court would be unable to rule on the pending motions before the arbitration hearing and (3) arbitration, according to counsel, might well be—but was not guaranteed to be—dispositive. We did not contemplate an arbitration proceeding from which the grievants had withdrawn but in which the Union would nevertheless present their grievances against their wishes. Our Order contem-

plated that if it developed that the arbitration proceedings were in fact dispositive, then the parties could come before the Court with the appropriate motions for dismissal of this action. On the other hand, if the arbitration proceedings were not dispositive, the stay would be lifted and this action would proceed. Therefore, we see no basis for ordering summary judgment on the basis of our earlier Order.

■ In its renewed motion for summary judgment the Union states that the arbitration proceeding is completed, apparently implying that the completion of that process somehow renders the section 301 action moot. We find little merit in this argument. The arbitrator is limited in the type of relief he can award, but the Court can award damages for injuries sustained as a result of the Union's breach of a duty of fair representation, even including damages for emotional and mental distress. *Farmer,* 660 F.2d at 1107. For example, in the instant case the arbitrator ordered that plaintiff Rogers be reinstated with back pay; if Rogers is successful here in his 301 claim against the Union, however, he may be entitled to damages from the Union for the injuries sustained as a result of the Union's initial refusal to prosecute his grievance. *Bowen v. United States Postal Services,* —— U.S. ——, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983).

The Union also argues that the arbitrator decided that there was no breach of contract in the case of five of the employees. If there was no breach of contract, the Union reasons, then logically the Union could not have breached its duty of fair representation by refusing initially to proceed to arbitration with the grievances. The Union thus concludes that the arbitrator's decision disposes of the section 301 action.

■ We disagree. A finding that an employer has breached a collective bargaining agreement is not a prerequisite to a section 301 suit. An exclusive bargaining agent's duty of fair representation arises not out of the collective bargaining agreement but rather out of the Labor Management Relations Act. *Farmer,* 660 F.2d at 1160. As the statutory duty can, therefore, exist even before the collective bargaining agreement arises, a finding that an employer has breached a collective bargaining agreement cannot be a mandatory prerequisite to a finding that a union has breached its statutory duty to those it represents.

■ The Union next insists that we have no jurisdiction over the fair representation claims because plaintiffs failed to exhaust their internal union remedies when they withdrew from the arbitration proceedings. As a general rule, exhaustion of such remedies is required, but it is well-settled that exhaustion is not required where it is apparent that the procedures are biased against the complainant and are, therefore, meaningless. *Farmer,* 660 F.2d at 1106, citing *Clayton v. International Union,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981).

■ First, it is undisputed that the Union initially refused to arbitrate plaintiffs' grievances, and agreed to proceed with the grievances only after this lawsuit was filed. Second, we note that the complaint alleges the Union was not selected as the exclusive bargaining agent by a majority of Fedco-KTY employees but was instead recognized by Fedco as the exclusive bargaining agent "for the avowed purpose of preventing another labor organization from becoming the employees' exclusive bargaining agent." (Complaint, ¶ 23, 24). The complaint further alleges that in addition to complaining of the Union's failure to prevent Fedco's purported violations of the collective bargaining agreement, plaintiffs threatened to reject the Union in favor of another labor organization as their exclusive bargaining representative (Complaint, ¶ 26). Both the fact of the Union's reversal of its earlier refusal to arbitrate plaintiffs' grievances and the allegations of the complaint give rise to a substantial question as to whether pursuing internal remedies would have been meaningful in light of the alleged Union employer conspiracy. Further, we conclude that there is a factual question as to wheth-

er the Union disregarded the rights of the plaintiffs when it went forward with their grievances in their absence. Because these factual issues are unresolved and are material to the question of whether or not plaintiffs failed to exhaust their internal remedies, we decline to enter summary judgment on behalf of defendant Union.

Having found no merit in any of the grounds argued by the Union as the basis for summary judgment as well as substantial unresolved factual issues, the Court denies defendant Union's motion for summary judgment.

## IV. CONCLUSION

Defendant Fedco's and defendant KTY's motions for summary judgment are denied.

Defendant Davis is hereby dismissed as a party to this lawsuit.

The Court orders that plaintiffs' claims for punitive damages against defendant Union be dismissed.

Although defendant Union is permitted to amend its answer, its motion for summary judgment is denied.

SO ORDERED.