16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William L. HAYES, II, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Warden, et al., Defendants-Appellees.
 No. 93-2207.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 1
 Before: KEITH and RYAN, Circuit Judges, and JOHNSTONE, Senior District Judge.*
 
 ORDER
 
 2
 William L. Hayes, II, a pro se Michigan prisoner, appeals a district court judgment granting summary judgment to the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The events leading up to the instant action are set forth in the district court's opinion and will not be repeated herein. Suffice it to say that Hayes sued several employees of Michigan's Ionia Maximum Correctional Facility (IMCF), including the warden at that prison, for allegedly violating his rights under the Eighth Amendment. Specifically, Hayes alleged that his Eighth Amendment rights were violated as a result of his being restrained in top-of-bed restraints after breaking off the cross bar on his bed, smashing all his cell windows, and making a weapon from a six to eight inch piece of metal. He also alleged that the defendants were deliberately indifferent to his complaints regarding a toothache and scarring of his wrists from the restraints. He sued the defendants in their individual capacities and sought monetary and injunctive relief.
 
 
 4
 The district court granted the defendants' motion for summary judgment. The court concluded that the placement of Hayes on top-of-bed restraints was reasonable under the circumstances and that the defendants were not deliberately indifferent to Hayes's serious medical needs.
 
 
 5
 Upon review, we affirm the district court's judgment as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 The Eighth Amendment proscribes the unnecessary and wanton infliction of pain. Ingraham v. Wright, 430 U.S. 651, 670 (1977). When prison officials are accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Physical restraints are constitutionally permissible where there is penological justification for their use. Id. at 346.
 
 
 7
 Ample penological justification exists in this case. As noted by the district court, Hayes had destroyed his cell and fashioned a weapon which could be used against guards, property, or himself. The significant threat of further destructive behavior justified the type of restraints used on Hayes. Additionally, IMCF houses the most dangerous and violent prisoners in the state of Michigan. Thus, there is a direct relationship between the type of restraints used, i.e., top-of-bed restraints, and the harm to be guarded against. This analysis also applies to the issue of disproportionate punishment. See Solem v. Helm, 463 U.S. 277, 290-91 (1983).
 
 
 8
 Furthermore, Hayes fails to demonstrate that there is a genuine issue of material fact as to the issue of deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Hayes alleged that the defendants were deliberately indifferent to his complaints regarding a toothache and scarring of his wrists from the restraints. Hayes neither alleges nor demonstrates any action by the defendant Toombs connecting him to Hayes's asserted dental problems. To the extent Hayes attempts to assert some causal relationship between his being placed in restraints and his dental problems, the videotape of the incident in question belies that assertion. The videotape shows that after the chemical agent was administered, restraints were placed upon Hayes through openings in the cell door. None of the corrections officers involved struck Hayes in the mouth or anywhere else, as Hayes began to comply with their orders. Regarding the scarring of his wrists, the medical records submitted by the defendants reveal that Hayes never complained to the medical staff of his wrists hurting as a result of the top-of-bed restraints.
 
 
 9
 Finally, the district court did not abuse its discretion when it denied Hayes's motion to amend his complaint. Estes v. Kentucky Utilities Co., 636 F.2d 1131, 1133 (6th Cir.1980). The motion to amend sought to allege new, unrelated claims against new defendants. As the district court correctly stated, adding new defendants and new claims hinders the original defendant's ability to obtain a swift final judgment on the claims brought against him. Thus, there was no abuse of discretion.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation