Mark P. **DONALDSON,** United States, ex rel., **Plaintiff–Appellant,**

v.

**CENTRAL MICHIGAN UNIVERSITY,** et al., **Defendants–Appellees.**

No. 00–1811.

United States Court of Appeals, Sixth Circuit.

Feb. 28, 2001.

**448**

Before JONES, BATCHELDER, and CLAY, Circuit Judges.

## ORDER

Mark P. Donaldson, proceeding pro se, appeals a district court order dismissing his qui tam action filed pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a complaint dated September 8, 1998, Donaldson brought suit on behalf of himself and the United States government against Central Michigan University and several of its current or former employees (Cook, Johnson, Emmons, Beere, and Scukanec) for violating 31 U.S.C. § 3729(a) and the Due Process Clause. Donaldson asserted that: 1) Cook illegally defaulted Donaldson's National Direct Student Loans to the U.S. Department of Education in a letter dated October 19, 1990; 2) Johnson illegally altered the grace period for the loans in a letter dated November 12, 1990; 3) Emmons denied that Donaldson was enrolled in the fall of 1990; and 4) Beere and Scukanec violated university requirements while Donaldson was attempting to resolve his student loan problems in the summer of 1998. The United States notified the district court that it declined to intervene in the action. *See* 31 U.S.C. § 3730(b)(4)(B). Upon consideration of the defendants' motion for dismissal or for a more definite statement and Donaldson's response, a magistrate judge recommended dismissing the action for failure to state a claim. *See* Fed. R.Civ.P. 12(b)(6). The district court did so, over Donaldson's objections and after de novo review.

In his timely appeal, Donaldson essentially reasserts his claims. He requests oral argument and contends that the district court erred by denying a motion to amend the complaint and a motion for the appointment of counsel.

■ Upon de novo review, we conclude that the district court properly dismissed the complaint. *See* Fed.R.Civ.P. 12(b)(6); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d

1130, 1138 (6th Cir.1995). Donaldson's complaint is too vague and conclusory to state a claim under the False Claims Act or the Due Process Clause. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Donaldson did not explain why the default was illegal or what the proper grace period should have been, nor did he state what his actual dates of enrollment at the university were or how the defendants' failure to follow unspecified university policy could violate the Act. Donaldson likewise failed to indicate how the defendants violated the Due Process Clause.

■ The district court did not abuse its discretion by denying Donaldson's motion to amend. *See* Fed.R.Civ.P. 15(a); *Estes v. Kentucky Utils. Co.,* 636 F.2d 1131, 1133 (6th Cir.1980). Donaldson moved to amend the complaint before a responsive pleading had been served in order to add a civil rights claim against a new defendant. Although a plaintiff may include civil rights claims in a False Claims Act suit and may ordinarily amend as of right before service of a responsive pleading, the district court nonetheless properly denied Donaldson's motion to amend because the amendment would not have withstood a motion to dismiss. *See Wilkins v. Jakeway,* 183 F.3d 528, 532 (6th Cir.1999); *Allwaste v. Hecht,* 65 F.3d 1523, 1530 (9th Cir.1995); *Moore v. Indiana,* 999 F.2d 1125, 1128 (7th Cir.1993). Donaldson's proposed amended complaint is not based on the same set of facts as alleged in the original complaint as the amendment did not concern the defaulted student loans. *See Wilkins,* 183 F.3d at 532.

■ The district court did not abuse its discretion by denying Donaldson's motion for the appointment of counsel. *See Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir.1993). Appointment of counsel is appropriate only in exceptional cases with complex factual and legal issues. *Id.* at 606. No exceptional circumstances exist in this case.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.