**James HELFRICH, Plaintiff–Appellant,**

v.

**METAL CONTAINER CORPORATION, Defendant–Appellee.**

No. 00–4013.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before GUY, BOGGS, and GILMAN, Circuit Judges.

## ORDER

James Helfrich, proceeding pro se, appeals a district court judgment granting summary judgment to the defendant in his civil action filed under the court's diversity jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Helfrich, an Ohio resident, sued his former employer, Metal Container Corporation (MCC), in the Court of Common Pleas, Franklin County, Ohio. MCC is a wholly-owned subsidiary of Anheuser–Busch, a Delaware corporation, with its principal place of business in Missouri. The complaint was removed by MCC to the U.S. District Court for the Southern District of Ohio. Helfrich alleged that he reported certain sexually discriminatory and offensive remarks made by one of MCC's senior managers and that, as a direct result, MCC discriminated and reta-

liated against him by firing him on April 10, 1996. Helfrich alleged that: (1) MCC discriminated and retaliated against him in violation of Ohio Rev.Code §§ 4112.02, 4113 and 2305; and (2) MCC intentionally or recklessly inflicted emotional distress on him. Helfrich sought monetary damages in an amount to be pled pursuant to Ohio Rev.Code § 2309.01.

The defendant filed a motion for summary judgment in which it argued, *inter alia,* that Helfrich's lawsuit is barred by the doctrine of res judicata. The district court granted summary judgment in favor of the defendant. Helfrich appeals.

In his timely appeal, Helfrich essentially reasserts the claims that he set forth in the district court and argues that the district court erred in not allowing him to amend his complaint and his memorandum *contra* summary judgment.

■■■ A district court's decision with regard to res judicata is reviewed de novo. *See Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 582 (6th Cir.1994). The doctrine of res judicata, or claim preclusion, "mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." *Id.*

This court also reviews de novo a district court's grant of summary judgment, using the same standard used by the district court. *See Equitable Life Assurance Soc'y of the United States v. Poe,* 143 F.3d 1013, 1015 (6th Cir.1998). Summary judgment is proper if there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All reasonable in-

ferences are drawn in favor of the nonmoving party, but "the mere existence of a scintilla of evidence in support of [the nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■■■ The district court did not err in dismissing Helfrich's claims against defendant MCC on the basis of res judicata. Under the doctrine of res judicata or claim preclusion, a final judgment on the merits precludes a party from relitigating claims that were or which could have been asserted in an earlier action between the same parties. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir.1992). Res judicata is established by four elements: 1) a final decision on the merits in an earlier action by a court of competent jurisdiction; 2) the later action involves the same parties or their privies; 3) the later action raises issues that were or could have been asserted in the earlier action; and 4) there is an identity of the causes of action. *Sanders Confectionery Prods., Inc.,* 973 F.2d at 480. The elements of res judicata have been established in this case, and the district court properly granted MCC's motion for summary judgment.

A court of competent jurisdiction rendered a final decision on the merits in an earlier action filed by Helfrich against MCC. The district court rendered a final decision on the merits by granting summary judgment in favor of MCC. On appeal, a panel of this court affirmed the district court's judgment. *Helfrich v. Metal Container Corp.,* No. 97–4005, 1998 WL 537594 (6th Cir. Aug. 7, 1998). The later action involves the same parties or their privies. There is an identity of the causes

of action. The complaint in the immediate case is virtually identical to the complaint filed in the prior lawsuit, the principal difference being that the complaint in the immediate lawsuit makes reference to Helfrich's termination in 1996. Finally, Helfrich's immediate action raises an issue that could have been asserted in the earlier action. Thus, the district court did not err in dismissing Helfrich's claims against defendant MCC on the basis of res judicata.

In addition, we conclude that the district court did not abuse its discretion by denying Helfrich's motion to amend. *See* Fed. R.Civ.P. 15(a); *Estes v. Kentucky Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir.1980).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order of July 11, 2000, and for the reasons set forth in the magistrate judge's opinion and order of June 28, 2000.