**Elijah Curtis SILAS, Plaintiff–Appellant,**

v.

**Dennis MCGINNIS, Director of MDOC, in his individual capacity, jointly and severally, et al., Defendants–Appellees.**

No. 01–1137.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

*ORDER*

Elijah Curtis Silas, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Silas sued multiple prison officials contending that they were deliberately indifferent to his back condition. He also raised a state law claim of negligence. Upon de novo review of a magistrate judge's report, the district court granted summary judgment for the defendants. In his timely appeal, Silas asserts that the district court erred by not allowing him to file his second amended complaint, that he did establish an Eighth Amendment violation, that this court should consider "new evidence" which establishes that the defendants were negligent, and that his state negligence claim should have been applied to several of the defendants.

Silas contends that the district court erred by not allowing him to file a second amended complaint seeking to add two nurses as defendants. The district court denied the motion to amend as Silas clearly knew of the existence of the two nurses and did not name them as defendants in either his initial complaint or his first amended complaint. The court noted that even accepting Silas's allegations as true, he failed to state an Eighth Amendment claim. Therefore, for these reasons, the district court denied Silas's leave to amend his complaint for a second time.

Upon review, we conclude that the district court did not abuse its discretion in denying Silas's motion to amend his complaint for a second time for the reasons stated by the district court. *See* Fed. R.Civ.P. 15(a); *Estes v. Ky. Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir.1980).

Silas contends that the defendants violated his Eighth Amendment rights by assigning him to work in the prison's food services area despite a 1994 MRI showing some degenerative changes in his lower back. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has both an objective and subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 297–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim requires that the pain be serious. *Id.* at 298, 111 S.Ct. 2321. The Supreme Court addressed the objective component in *Rhodes v. Chapman*, 452 U.S. 337, 346–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The subjective component, in contrast, constitutes the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). *See Wilson*, 501

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

**400**

U.S. at 302, 111 S.Ct. 2321. The subjective component provides that the offending conduct be wanton.

The uncontested facts establish that although Silas had been diagnosed with degenerative changes in the lower back in 1994, his treating physician did not place any lifting restrictions on Silas. Thus, prison authorities had no objective medical evidence indicating that Silas could not work in the prison food services area. When Silas began complaining as to his inability to work in the prison's food services area due to his back, Silas was examined by medical personnel and was ultimately reassigned to a position of his choice. These actions do not establish that the defendants showed a deliberate indifference to Silas's medical needs. The argument is without merit.

Silas requests that this court examine some new evidence. However, we do not address an issue or reviews evidence that was not first presented in the district court. *See Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993).

Finally, Silas contends that the district court should not have dismissed his state tort claims as to certain defendants. Because Silas did not state a federal claim, the district court did not err in refusing jurisdiction over his supplemental state law claims. *See Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 233 (6th Cir.1997).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.