**Adrian CARLTON, Plaintiff–Appellant,**

v.

**W. JONDREAU, et al., Defendants–Appellees.**

No. 03–1430.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2003.

Adrian Carlton, pro se, Baraga, MI, for Plaintiff–Appellant.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

*ORDER*

Adrian Carlton, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Relying on the First, Eighth, and Fourteenth Amendments, Carlton sued two Michigan prison officials (Jondreau and Roose) in their individual capacities for

depriving him of physical possession of one piece of legal mail while he was under suicide watch. Carlton then moved the court to enjoin Jondreau from retaliating against him by interfering with his outgoing legal mail. Carlton also moved to amend the complaint to add a claim that a deputy warden (Edlund) had failed to properly investigate his grievance on appeal. The district court denied the motion to amend as futile for failure to exhaust the claim. The district court thereafter dismissed the complaint for failure to state a claim and denied the motion for an injunction as moot. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

In his timely appeal, Carlton essentially reasserts his claims and argues that the district court erred by denying his motion to amend and his motion for an injunction.

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to state a claim. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998); *Wright v. Metro-Health Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995).

■ Carlton failed to state a First Amendment claim because no arbitrary or capricious interference with his mail occurred. *See Lavado v. Keohane*, 992 F.2d 601, 609–10 (6th Cir.1993). Not only was Carlton permitted to view the contents of the letter upon receipt, but the prison acted pursuant to policy and with the legitimate penological objective of ensuring Carlton's safety while under suicide watch. Additionally, the right of access to the courts was not implicated because Carlton did not contend that the deprivation interfered with any ongoing litigation. *See Lewis v. Casey*, 518 U.S. 343, 350–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

■ Carlton failed to state an Eighth Amendment claim for the subsequent loss of the letter because he was not deprived of the letter as punishment, the loss of a letter did not deprive him of any of life's necessities, and he did not sustain any physical injury. *See* 42 U.S.C. § 1997e(e); *Rhodes v. Chapman*, 452 U.S. 337, 345–46 and 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

■ Carlton failed to state a due process claim for the loss of the letter. No due process claim is stated for the negligent deprivation of property, *see Parratt v. Taylor*, 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), or for the intentional, but unauthorized, deprivation of property, *see Zinermon v. Burch*, 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), unless state court remedies are inadequate to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). State remedies have been found adequate to address *Parratt* claims in Michigan. *See, e.g., Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir.1995).

The district court did not abuse its discretion by denying Carlton's motion for a temporary restraining order. *See Hamad v. Woodcrest Condominium Ass'n*, 328 F.3d 224, 230 (6th Cir.2003). Carlton had no chance of success on the merits and limited possibility of harm if the injunction did not issue. *See id.; Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir.2000).

Finally, we conclude that the district court did not abuse its discretion by denying Carlton's motion to amend. *See Estes v. Kentucky Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir.1980). While a plaintiff ordinarily may amend as of right before service of a responsive pleading, the district court nonetheless properly denied Carlton's motion to amend because the amendment

would not have withstood a motion to dismiss. *See Allwaste v. Hecht,* 65 F.3d 1523, 1530 (9th Cir.1995); *Moore v. Indiana,* 999 F.2d 1125, 1128 (7th Cir.1993). In addition to possible exhaustion problems, *see* 42 U.S.C. § 1997e, Carlton's proposed amended complaint failed to state a claim. Although a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000), a state has no federal due process obligation to follow all of its grievance procedures, *see Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.1993) (no due process obligation to follow state procedures in general). Thus, Carlton did not state a claim by alleging that Edlund had failed to properly investigate his grievance.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.