MONK *v.* COMMON COUNCIL OF CITY OF ANN ARBOR.

MUNICIPAL CORPORATIONS—APPROVAL OF BEER LICENSE—MANDAMUS —INTOXICATING LIQUORS.

Under home-rule charter of city of Ann Arbor prohibiting keeping placé for sale of any spirituous, malt, fermented, vinous, or intoxicating liquors within district in which University is located, common council of said city had power to refuse approval of license for sale of beer and wine in said district, and therefore mandamus was properly refused by circuit judge to compel approval of such license (Act No. 543, Local Acts 1903; Act No. 64, Pub. Acts 1933).

Appeal from Washtenaw; Sample (George W.), J. Submitted August 15, 1933. (Calendar No. 37,360.) Decided October 2, 1933.

Mandamus by Ralph T. Monk and another to compel the Common Council of the city of Ann Arbor to approve a license to sell beer and wine. Writ denied. Plaintiffs appeal. Affirmed.

*Dwyer & Dwyer,* for plaintiffs.

*William M. Laird,* for defendant.

WEADOCK, J.  The appellants, residents and restaurant proprietors in the city of Ann Arbor, applied to the council for approval of a license to them to sell wine and/or beer within the district south and east of the following line: "Beginning on Fuller street at the city limits of said city, and running thence westerly along Fuller street to Detroit street, thence southwesterly along Detroit street to Division street; thence south on Division street and Division street as extended south to the city limits south of said city of Ann Arbor." Section 88 of the charter of Ann Arbor, subd. 3, provides that "no person shall keep a saloon or other place except a drug store, where any spirituous, malt, fermented, vinous, or intoxicating liquors are sold, or kept for sale" within the prescribed territory. The University of Michigan is the most important feature of the city of Ann Arbor and is within this portion of that city.

Under home rule principles and pursuant to the charter of the city by Act No. 543, Local Acts 1903, the authorities of Ann Arbor protected the many students of that great institution from dangerous surroundings and should continue to do so. The law in question has not been repealed either directly or by implication, and the council obeyed a plain duty in denying petitioner's application and the answer of the respondent is a complete and legal answer to

the petition. Act No. 64, Pub. Acts 1933, expressly provides in section 4:

"No such license (to sell beer, etc.) shall be issued unless approved by the legislative body of the city * * * where the place of business of such vendor is located."

There has been no action in this matter by the liquor control commission, and it could not issue a license without the approval of the council, and even then the home-rule provisions of the charter would control.

The denial of the petition for mandamus is affirmed, with costs to respondent.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.