## NOEY *v.* CITY OF SAGINAW.

1. CONSTITUTIONAL LAW — ''CONTROL'' CONSTRUED — INTOXICATING LIQUORS.

    The word ''control,'' as used in section of Constitution vesting ''control of the alcoholic beverage traffic within this State, including the retail sales thereof'' in the liquor control commission subject to statutory limitations, means to regulate and govern (Const. 1908, art. 16, § 11).

2. STATUTES—CONSTRUCTION—PUBLIC POLICY.

    In construing a statute, the courts are not to tamper with its clear and unambiguous meaning on the grounds of its unwisdom or public policy.

3. MUNICIPAL CORPORATIONS—CONFLICT BETWEEN STATUTE AND ORDINANCE.

    In the absence of specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a State law are void.

4. SAME—REGULATION—PROHIBITION.

    What the legislature permits, a city cannot suppress without express authority therefor.

5. INTOXICATING LIQUORS—CONSUMPTION ON PREMISES—HOURS OF CLOSING.

    Hours of closing places for sale of alcoholic liquor for consumption on the premises as fixed by regulation of the State liquor control commission, established and empowered by Constitution and statute with sole control of traffic in alcoholic liquor *held*, binding upon all licensees and not affected by ordinance of home rule city relating thereto (Const. 1908, art. 8, §§ 20, 21; art. 16, § 11; Act No. 8, §§ 1, 5, 7, 52, Pub. Acts 1933 [Ex. Sess.]).

6. COSTS—ACTION—INTOXICATING LIQUORS—PUBLIC QUESTION.

    No costs are taxed in suit to enjoin enforcement of ordinance relating to closing hours of places for sale of alcoholic liquors for consumption on the premises, the question being one of a public nature.

Appeal from Saginaw; Browne (Clarence M.) and Martin (William H.), JJ., presiding. Submitted April 3, 1935. (Docket No. 48, Calendar No. 38,343.) Decided May 17, 1935.

Petition by Arthur Noey and others against City of Saginaw, a municipal corporation, for declaration of rights under an ordinance. Michigan Liquor Control Commission intervened. Decree for plaintiffs. Defendant city appeals. Affirmed.

*F. Roland Sargent,* for plaintiffs.

*David McLaughlin,* for defendant city.

NELSON SHARPE, J. An amendment to our State Constitution (art. 16, § 11) was adopted in 1932 which reads in part as follows:

"The legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this State, including the retail sales thereof."

Pursuant thereto, Act No. 8, Pub. Acts 1933 (Ex. Sess.), was enacted. Section 1 reads in part as follows:

"Scope of act. On and after the effective date of this act, it shall be lawful to manufacture for sale, sell, offer for sale, keep for sale, possess and/or transport any alcoholic liquor, as hereinafter defined, including alcoholic liquor used for medicinal, mechanical, chemical or scientific purposes and wine for sacramental purposes, subject to the terms, conditions, limitations and restrictions contained herein, and only as provided for in this act.

"Except as by this act otherwise provided, the commission shall have the sole right, power and duty

to control the alcoholic beverage traffic and traffic in other alcoholic liquor within the State of Michigan, including the manufacture, importation, possession, transportation and sale thereof."

Section 5 provides for the creation of a liquor control commission. Section 7 reads:

"The commission shall adopt rules and regulations governing the carrying out of this act and supplemental thereto."

Acting thereunder, the commission adopted the following regulation:

"In addition to the restriction contained in Act No. 8, Pub. Acts 1933 (Ex. Sess.), no licensee, by himself, his servants, agents or employees shall sell or permit the sale of any alcoholic liquor for consumption on the premises between the hours of 2:00 o'clock and 7:00 o'clock a. m., eastern standard time (except where central standard time is used)."

On November 27, 1934, the city of Saginaw adopted an ordinance which fixed the closing hours of places licensed to sell intoxicating liquor for consumption on the premises at not later than 12 o'clock p. m. and until 7 o'clock a. m. of the following day.

The question here presented is whether the regulation of the commission, which intervened, or the city ordinance is controlling. The trial court found the provision in the ordinance to be of no force or effect and enjoined the city from enforcing it. The city has appealed.

Article 8, §§ 20, 21, of our State Constitution provide that the legislature shall provide by a general law for the incorporation of cities, and that under it the electors (of a city) shall have power and authority to frame, adopt and amend its charter—"And through its regularly constituted authority, to pass

all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State.''

Counsel for the city contend that the ordinance is not in conflict or inconsistent with the regulation of the commission; that it but exacts additional requirements by limiting the time during which licensed places shall be kept open, and relies for the exercise of its power upon that given it by section 4, subd. 3, of its charter, which reads as follows:

''To make and enforce all regulations, by-laws and ordinances which may be necessary and expedient for the preservation of health, and the prevention of the spread of, or the introduction into the city of contagious, malignant, infectious or other diseases.''

The power conferred upon the city under the constitutional provision is ''subject to the Constitution and general laws of this State.'' The constitutional amendment, providing for a liquor control commission, vested in it when established by act of the legislature *''complete control of the alcoholic beverage traffic within this State, including the retail sales thereof.''* The legislature, after providing for its creation, conferred upon it, subject to certain exceptions, *''the sole right, power and duty to control the alcoholic beverage traffic * * * within the State,''* and to *''adopt rules and regulations governing the carrying out of this act and supplemental thereto.''*

The word ''control,'' as used in the Constitution, means to regulate and govern.

''Courts are not to tamper with the clear and unequivocal meaning of words used in a statute. There can be no departure from the plain meaning of a statute on grounds of its unwisdom or of public policy.'' *Handy* v. *Township of Meridian,* 114 Mich. 454, 457.

"It is the rule that, in the absence of specific statutory or charter power in the municipality, the provisions of an ordinance which contravene a State law are void. *People* v. *McGraw,* 184 Mich. 233; 43 C. J. p. 215. What the legislature permits, the city cannot suppress, without express authority therefor." *National Amusement Co.* v. *Johnson,* 270 Mich. 613.

Under the broad power thus conferred upon the liquor control commission by the Constitution and the statute, it must be held that its regulations relative to the hours of closing are binding upon all licensees, and are not affected by the provision in the ordinance relating thereto.

The conclusion thus reached is also supported by section 52 of the act, which, after specifically repealing a number of acts, provides that—

"All other acts and parts of acts, general, special or local, and all ordinances and parts of ordinances inconsistent with or contrary to the provisions of this act are hereby repealed."

It may be noted that in the days of the saloon the statute (2 Comp. Laws 1915, § 7047) fixed the hours on which they should be closed, with permission, however, to certain cities to extend them. The need of uniformity in this respect was doubtless one of the reasons for the exercise of the statutory regulation relative thereto.

Counsel for the city relies on our decisions in *Monk* v. *Common Council of Ann Arbor,* 264 Mich. 584; *Johnson* v. *Liquor Control Commission,* 266 Mich. 682, and *Scott* v. *Township Board of Arcada Township,* 268 Mich. 170, to sustain their contention. In the *Monk* and *Scott Cases* construction was placed upon a provision in section 17 of the act which provides that applications for licenses must be approved by the local legislative body, and in the *Johnson*

*Case* upon the right of the commission to revoke a license as provided for in the same section, and what was said in the opinions in these cases must be considered in its application to the facts presented.

The decree of the trial court is affirmed. As a public question is involved, no costs will be allowed.

Potter, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.