Ya–Insaan I. HETEP, Plaintiff–Appellant,

v.

Chief WARREN; Poteet, Officer; Candy Deaton; Kathy Lyle; Daryl Hamilton, Defendants–Appellees.

No. 00–6662.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

This pro se Tennessee pretrial detainee appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, Ya–Insaan Hetep sued officials of the Knox County Jail in their official and individual capacities. Hetep claimed that: 1) he was denied medical care for an ear infection for six days; 2) he was denied medical care for over five hours after the bunk above him collapsed on him during the night; and 3) he was served food contaminated with fecal matter. Hetep also filed two motions to amend his complaint. In each motion, Hetep sought to add additional defendants and additional claims, which were unrelated to the incidents presented in his original complaint. The district court denied Hetep's motions to amend his complaint. Thereafter, the district court granted summary judgment in favor of the defendants.

In his timely appeal, Hetep essentially reasserts the claims set forth in his complaint. He also contends that the district court erred in not allowing him to amend his complaint, and he asserts numerous issues arising from the two unsuccessful motions to amend his complaint.

Initially, we conclude that the district court did not abuse its discretion when it denied Hetep's motions to amend his complaint. *See Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The motions to amend sought to allege new, unrelated claims against new defendants. Thus, the district court did not abuse its discretion because Hetep's proposed claims were simply not related to his original claims. *See Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir.1997).

Inasmuch as the district court did not permit Hetep to amend his complaint, the district court did not consider any claims other than those enumerated above. Therefore, Hetep did not properly raise in the district court the arguments arising from his unsuccessful motions to amend, and no exceptional circumstances exist that would warrant this court's consideration of those arguments for the first time on appeal. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993). Accordingly, the only issues properly before the court are the three issues enumerated above.

Upon review, we conclude that Hetep has not exhausted his available administrative remedies. State and federal prisoners desiring to bring civil rights claims are required to exhaust all available administrative remedies prior to filing suit in

**310**

federal court. 42 U.S.C. § 1997e(a); *Lavista v. Beeler,* 195 F.3d 254, 256 (6th Cir. 1999). The prisoner has the burden of demonstrating that he has exhausted these remedies. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *See id.* Although money damages may not be available through the prison grievance process, a prisoner must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Freeman v. Francis,* 196 F.3d 641, 643 (6th Cir.1999). The prisoner cannot abandon the process before completion and argue that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard,* 193 F.3d 876, 878 (6th Cir.1999). Hetep has not met his burden of demonstrating that he exhausted all of his available administrative remedies.

Accordingly, we hereby vacate the district court's judgment and remand the case for dismissal without prejudice. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.