NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0526n.06

No. 21-3190

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 17, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| STEVEN ALEXANDER ARMATAS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| SCOTT MICHAEL HAWS, et al., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants-Appellees. | ) | |
| | ) | |

Before: BATCHELDER, LARSEN, and READLER, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**. Plaintiff Steven Armatas appeals the district court's orders denying his motions for leave to amend his complaint and granting the defendants' motion for judgment on the pleadings, arguing that the district court abused its discretion by denying him leave and the district court erred by dismissing his complaint. Finding neither abuse of discretion nor error, we affirm.

**I.**

**A. Initial Dispute**

Armatas is a lawyer who owns and resides on property in Plain Township, Ohio. In September 2016, Armatas met with Thomas Ferrara, Plain Township's Zoning Director, to discuss a row of evergreen trees located on a neighbor's property adjacent to Armatas's property. Armatas believed that his neighbor's 20-foot-tall evergreen trees violated Section 602.10 of the Plain Township Zoning Resolution (the "Hedge Ordinance"). At the time, the Hedge Ordinance limited

"hedges" to eight feet in height in Plain Township's Residential Districts. Armatas thought that his neighbor's evergreen trees qualified as "hedges" within the meaning of the Hedge Ordinance and complained to Ferrara that the trees should be removed. After reviewing the Hedge Ordinance, Ferrara told Armatas that he was "not going to do anything about this" because he did not think that evergreen trees qualified as "hedges," so the Hedge Ordinance did not apply to the evergreen trees. Ferrara also told Armatas that there is no avenue for appeal through Plain Township. Armatas then called Scott Haws, a Plain Township Trustee, and left a voicemail explaining that the evergreen trees should be removed according to Armatas's interpretation of the Hedge Ordinance. The next day, Haws returned Armatas's phone call and left a voicemail explaining that he had visited the properties, examined the evergreen trees, and concluded that "they do not meet the criteria of a bush or a hedge or a wall or a fence" within the meaning of the Hedge Ordinance. Haws also told Armatas that there was no avenue for appeal through Plain Township.

**B. Litigation in State Court**

In October 2016, Armatas petitioned for a writ of mandamus, asking the Ohio Fifth District Court of Appeals to compel enforcement of the Hedge Ordinance against his neighbors because evergreen trees qualified as "hedges." The Ohio Fifth District dismissed the petition because Armatas "has or had an adequate remedy at law by way of utilizing the township's appellate process." Armatas appealed to the Ohio Supreme Court, but it dismissed the appeal because Armatas never filed a merits brief. *See State ex. rel. Armatas v. Plain Twp. Bd. of Trs.*, 80 N.E.3d 509 (Ohio 2017) (table).

In June 2017, Armatas sued Haws and Ferrara for fraud in the Stark County Court of Common Pleas. Armatas alleged that Haws and Ferrara purposely provided false information to Armatas by telling him that there were no formal procedures through Plain Township to appeal

Ferrara's decision. In September 2017, the trial court dismissed Armatas's lawsuit because, even assuming that Haws and Ferrara provided false information about the appeals process to Armatas, he failed to state a claim upon which relief may be granted. The Fifth District Court of Appeals affirmed the trial court in April 2018.

### C. Plain Township Amends the Hedge Ordinance

As the parties litigated Armatas's fraud lawsuit in state court, Haws proposed an amendment to the Hedge Ordinance at a September 2017, Plain Township Board of Trustees meeting. The proposed amendment would add several definitions to the Hedge Ordinance, including a definition for "hedges." In effect, the proposed definition for "hedges" would exclude evergreen trees.

Armatas alleged that Haws and Ferrara had their own personal reasons for supporting the amendment. Armatas referred to the meeting minutes of the September 2017 Trustees meeting, which state that the amendments would "aid in the application" of the Hedge Ordinance. In the original complaint, Armatas alleged that the meeting minutes do not mention either his lawsuit against Haws and Ferrara or that both Haws and Ferrara provided Armatas with inaccurate information. Armatas further alleged that Ferrara is on record at a Zoning Commission meeting stating that the reason for the amendment was to "stop the litigation" started by Armatas.

On November 14, 2017, the Plain Township Board of Trustees passed and adopted Amendment #571-17, which added a definition for "hedges" to the Hedge Ordinance. An attorney on behalf of Plain Township explained that "this proposed change is due to a lawsuit and appeal that were both denied."

**D. Procedural History**

On November 14, 2019, Armatas filed the present lawsuit against Plain Township Trustees Scott Haws, Albert Leno, and John Sabo, and Plain Township Zoning Director Thomas Ferrara, all in their individual capacities (collectively, the "Defendants"). Armatas alleged six causes of action: (1) fraud; (2) violation of his federal civil rights; (3) civil conspiracy; (4) unconstitutional bill of attainder; (5) declaratory judgment; and (6) punitive damages. After the parties convened for their case-management conference, the district court issued a Case Management Conference Plan Order, which set April 30, 2020, as the deadline to add parties or amend pleadings.

On April 20, 2020, Defendants filed a motion for judgment on the pleadings. Armatas opposed that motion on May 20, 2020, and Defendants filed a reply to Armatas's opposition on May 29, 2020. Almost two months later, on July 12, 2020, Armatas filed his first motion for leave to amend his complaint, seeking to add two new defendants and three new causes of action. Defendants opposed this motion. On August 14, 2020, Armatas filed a second motion for leave to amend his complaint, seeking to "supplement" his proposed amended complaint by adding one new cause of action. Defendants opposed Armatas's second motion as well.

On October 15, 2020, the magistrate judge issued a report and recommendation (the "first R&R"), recommending that the district court deny both of Armatas's motions for leave to file an amended complaint. Armatas timely objected to the first R&R. Then on January 4, 2021, the magistrate judge issued another report recommendation (the "second R&R"), recommending that the district court grant the defendants' motion for judgment on the pleadings and dismiss all of Armatas's claims. Armatas timely objected to the second R&R as well. On January 27, 2021, the district court adopted the magistrate judge's R&Rs, denying both of Armatas's motions for leave

to file an amended complaint, granting the defendants' motion for judgment on the pleadings, and dismissing all claims against Defendants. Armatas timely appealed.

## II.

Armatas raises two issues on appeal. First, he claims that the district court erred when it denied his motions for leave to file an amended complaint. Second, he claims that the district court erred by dismissing his complaint for failing to allege a substantive due process claim.

### A. Armatas's Motions for Leave to Amend

We review for abuse of discretion the district court's denial of leave to file an amended complaint. *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 304 (6th Cir. 2011). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996) (quotation omitted). Ordinarily, the district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, if a plaintiff seeks leave to amend after the pleadings deadline, then the plaintiff must show "good cause" for not seeking leave earlier as required by Federal Rule of Civil Procedure 16(b)(4). *Inge v. Rock Fin. Grp.*, 281 F.3d 613, 625 (6th Cir. 2002).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Id.* (quotation omitted). Another important measure under Rule 16's good-cause standard is whether modification of the scheduling order would prejudice the nonmoving party. *Marcilis v. Township of Redford*, 693 F.3d 589, 597 (6th Cir. 2012). Notably, the moving party must meet a "higher threshold" in showing good cause under Rule 16 than it would under Rule 15. *Shane v. Bunzl Distrib. USA,*

*Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (citing *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003)).

Armatas filed two separate motions for leave to amend after the pleadings deadline. We find no abuse of discretion in the district court's order as to either.

Armatas has not demonstrated diligence in attempting to meet the requirements of the scheduling order with regard to either of his motions to amend. As to the first, the magistrate judge correctly found that well before the April 30, 2020, scheduling deadline, Armatas knew of the factual bases for the first proposed amendment, which would have added the Plain Township Board of Trustees as a new defendant, a fraud claim against a new defendant, Lisa Campbell, the Plain Township Administrator, and three new constitutional claims against the existing defendants. But he failed to provide any explanation for his failure to seek leave to file the first amended complaint earlier. As to the second motion to amend, the magistrate correctly found that the procedural due process claim that Armatas sought to add relied in part on the same facts he relied on in his first motion for leave to amend, facts he had known well before the pleadings deadline.

Armatas fares no better with regard to the other consideration under Rule 16's good-cause standard—potential prejudice to the defendant. *See Marcilis*, 693 F.3d at 597. As to the first motion to amend, the magistrate judge noted that Armatas stated in a brief filed with the district court on May 20, 2020, that he planned to seek leave to amend his complaint to add new claims and parties, but he waited "almost another two months," until after the parties had fully briefed Defendants' motion for judgment on the pleadings, before he sought leave to amend—that is, as the district court put it, "Armatas awaited the entirety of Defendants' arguments for judgment on the pleadings before proposing amendments seeking to avoid such judgment." The district court's conclusion that such "gamesmanship does not meet the 'good cause' standard required to obtain

leave" after the pleadings deadline is clearly—albeit implicitly—a finding of prejudice to the Defendants. *See Leary*, 349 F.3d at 908–09 (affirming denial of a motion to amend the pleadings after finding that the district court implicitly considered potential prejudice to the defendant based on the district court's language in its order).

As to the second motion to amend, which sought to add a procedural due process claim based on a vexatious-litigator lawsuit that several of the named defendants sought to join after the pleadings deadline, the magistrate judge found that adding a new claim based in part on facts different from those alleged in the complaint a mere two weeks before the discovery deadline would require extension of that deadline to permit significant discovery beyond the scope of the original complaint. We have held that allowing new claims "quite different" from the original claims can result in significant prejudice to the defendants because of the need to reopen discovery and to raise new defenses. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *see also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (finding no abuse of discretion in denying leave to amend where the plaintiff sought leave to add unrelated claims against new defendants). Here, Armatas sought to add a procedural due process claim against the Defendants based on a vexatious-litigator lawsuit that is only tangentially related to his original claims.

Finally, Armatas argues that the district court erred by failing to consider the so-called "public welfare exception." But Armatas neither defines the exception nor provides any authority for his view that a district court abuses its discretion by denying leave to amend the pleadings without considering the exception. Accordingly, we do not find error on this basis either.

## B.  Armatas's Substantive Due Process Claim

While the district court dismissed all of Armatas's original claims, on appeal, Armatas challenges only the dismissal of his substantive due process claim.[1]  "We review the district court's grant of a motion for judgment on the pleadings de novo using the same standard as for a motion to dismiss under Rule 12(b)(6)."  *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citation omitted).  Under this standard, the plaintiff must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  Plausibility is marked by the ability of the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  "On a motion to dismiss, '[w]e must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true.'"  *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (quotation omitted) (alteration in original).

Armatas does not challenge—either facially or as applied—the constitutionality of the Hedge Ordinance.  Rather, he alleges that the Defendants' conduct "[i]n attempting to adopt an [a]mendment to the Hedge Ordinance" was government action that violated his substantive due process rights.  To state a substantive due process claim challenging a government action, Armatas must allege that "(1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious [government] action."  *White Oak Prop. Dev., L.L.C. v. Washington Township*, 606 F.3d 842, 853 (6th Cir. 2010) (quotation omitted).

Here, Armatas has not claimed any liberty interest, nor has he sufficiently alleged a protected property interest.  To have a constitutionally protected property interest, "a person must

---

[1] Because Armatas has provided no argument relative to the other claims in the original complaint, he has waived review of those claims.  *See Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 610–11 (6th Cir. 2016).

have a 'legitimate claim of entitlement.'" *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 830 (6th Cir. 2009) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). But if local government actors have discretion in granting or denying what the plaintiff wants, there is no legitimate claim of entitlement. *See Triomphe Invs. v. City of Northwood*, 49 F.3d 198, 202–04 (6th Cir. 1995). "[A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold a benefit is wholly discretionary." *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 435 (6th Cir. 2005) (quotation omitted) (alteration in original). Consequently, Armatas must allege that some source of state law limited the Defendants' discretion or that there was a "mutually explicit understanding" that limited the Defendants' discretion. *Id.* (quotation omitted).

Armatas alleges neither in his complaint. In fact, Ohio law grants to municipal corporations broad discretion in amending ordinances. *See* Ohio Rev. Code Ann. § 713.10 ("The legislative authority of such municipal corporation may amend or change the number, shape, area, or regulations of or within any district . . . ."). We have also held that a plaintiff similarly situated to Armatas had no protected property interest in an amendment or an interpretation of an ordinance because he "ha[d] no legitimate claim of entitlement to a discretionary decision." *See Richardson v. Township of Brady*, 218 F.3d 508, 517 (6th Cir. 2000). And Armatas cannot allege a protected property interest in the amendment process itself. *See id.* at 517–18 (holding that the plaintiff "can have no protected property interest in the [township's] procedure itself").

On appeal, Armatas argues that his property interest is derived from "the precise text of the 14th Amendment to the United States Constitution." But state law and other independent sources create protected property interests; they are not created by the Constitution. *See Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) ("Even though individuals often claim property

interests under various provisions of the Constitution, such interests are not created by the Constitution; nor may individuals manufacture a property interest."). Therefore, because Armatas has not alleged a protected property interest, the district court properly dismissed his substantive due process claim.

**III.**

For the foregoing reasons, we AFFIRM the judgment of the district court.